UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

MARINA DSOUZA,

    Plaintiff,
vs.

MSC CRUISES, S.A.,

    Defendant.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, MARINA DSOUZA, by and through her undersigned counsel and sues the Defendant, MSC CRUISES, S.A., hereinafter referred to as MSC, and alleges as follows:

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs.

2. That at all times material, the Plaintiff, MARINA DSOUZA, was a citizen of California.

3. That at all times material, the Defendant, MSC, was a foreign citizen for diversity purposes.

4. That this court has diversity jurisdiction pursuant to 28 USC §1332.

5. That in the alternative, this action arises out of the General Maritime Law jurisdiction of the court as contained in 28 USC §1333.

6. That this Court has persomal jurisdiction over the parties because they have agreed to litigate their dispute in a court Broward County that has subject matter jurisdiction over their dispute.

1

7. That this Court is the proper forum located in the proper venue pursuant to the terms and conditions of MSC's ticket of passage.

8. That at all times material, the Defendant, MSC, was the owner and/or operator of the cruise ship, *MSC DIVINA*.

9. That on or about December 20th, 2018 the Plaintiff, MARINA DSOUZA, boarded the *MSC DIVINA* in Miami, Florida for a ten-day cruise.

10. That on or about December 22nd, 2018, the Plaintiff, MARINA DSOUZA, was on Deck 14 of Defendant's vessel when she slipped and fell on a wet floor, sustaining serious injuries, including a fracture of the left distal radius requiring surgery.

11. That at all times material hereto, the Defendant owed a duty of reasonable care under the circumstances to its passengers, including the Plaintiff, as well as a duty to provide safe walking surfaces, to maintain its premises in a reasonably safe condition and to warn of hazards about which it knew or should have known if it had exercised reasonable care.

12. That the defendant, MSC, breached its duty of reasonable care which it owed to the Plaintiff and was negligent in one or more of the following ways:

(a) In allowing a dangerous condition to exist, to wit, wet and unreasonably slippery floor, about which it knew or should have known in the exercise of reasonable care;

(b) In failing to take properly inspect and take appropriate measures to prevent the floor from becoming wet and unreasonably slippery despite prior knowledge that it was prone to do so;

(c) In failing to maintain the floor in a reasonably safe condition;

(d) In failing to provide safe walking surfaces for its passengers, including the Plaintiff;

(e) In failing to provide an adequate method for passengers to dry their shoes before encountering the wet and unreasonably slippery flooring;

(f) In failing to cordon off the area where Plaintiff slipped and fell;

(g) In failing to take appropriate measures to improve the floor's safety after other passengers had slipped and fallen there on prior cruises;

(h) In failing to warn the Plaintiff of a dangerous condition about which it had knowledge greater to that of the Plaintiff.

13. That Defendant knew about the dangerous conditions of the floor or they had existed long enough that it should have known about them had it exercised reasonable care

14. That as a direct and proximate result of the negligence of the Defendant herein, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of capacity to earn money, and aggravation of a known or unknown previously existing condition.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant together with costs of this action, prejudgment interest,  and any other relief deemed just and appropriate by this Honorable Court. Furthermore, Plaintiff demands trial by jury of all matters so triable as a matter of right.

Dated:  January 16, 2020

Respectfully submitted,

WAKS & BARNETT, P.A.
Attorneys for Plaintiff
9900 SW 107th Ave., #101
Miami, FL  33176
Tel: (305) 271-8282
Fax: (305) 595-9776

By: */s/ Joel M. Barnett*
  JOEL M. BARNETT
   FBN: 248428
  E-mail: waksbar@aol.com
     Mary@waksbar.com

4